UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN SHANE VAUGHN                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:25-CV-347-TBM-RPM

HARRISON COUNTY,
MISSISSIPPI et al                                                   DEFENDANTS

## ORDER GRANTING LEAVE TO AMEND COMPLAINT and STAYING DISCOVERY

Before the Court is Plaintiff John Shane Vaughn's motion for leave to file an amended complaint. [27]. Plaintiff seeks to add Charles Flake as a defendant and to add new claims. Defendants filed a response in opposition arguing that the proposed amended complaint is not a short and plain statement of the claims and therefore violates Fed. R. Civ. P. 8(a)(2). Also before the Court is Plaintiff's motion for leave to exceed discovery limits. [30].

The Court established March 9, 2026, as the deadline to file motions to amend pleadings or join parties. Plaintiff filed the instant motion to amend on March 4, 2026; therefore, it is timely. The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15 evinces a bias in favor of amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). A motion to amend should not be denied "unless there is a substantial reason to do so." *Lefall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). A district court reviewing a Rule 15(a) motion to amend pleadings may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the

amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Given the bias in favor of allowing timely amendments to pleadings, the Court finds that Plaintiff's motion to amend should be granted. Accordingly, Plaintiff is permitted to file the proposed second amended complaint and for it to serve as the operative pleading in this case. However, the Court makes no findings regarding the legal sufficiency or the merits of the second amended complaint. Because the second amended complaint will add a new defendant and new claims, the Court further finds that Plaintiff's motion to exceed discovery limits is denied at this time. After the amended complaint has been filed and the parties have filed their responsive pleadings, the Court anticipates entering a new case management order. The Court will revisit discovery limits at that time. In the meantime, discovery is stayed pending further order of the Court. The stay applies to discovery responses for already propounded discovery requests.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [27] Motion to Amend is GRANTED, and Plaintiff's [30] Motion for Leave to Exceed Discovery Limits is DENIED.

IT IS FURTHER ORDERED that all discovery is stayed pending further order of this Court.

IT IS FURTHER ORDERED that Plaintiff shall file his second amended complaint by **April 10, 2026**.

SO ORDERED AND ADJUDGED, this the 31st day of March 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

2